**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**FOX ROTHSCHILD LLP**
49 Market St.
Morristown, NJ 07960
Tel: (973) 992-4800
Mark E. Hall, Esq.
mhall@foxrothschild.com
Joseph A. Caneco, Esq.
jcaneco@foxrothschild.com
Attorneys for Catherine E. Youngman,
Chapter 7 Trustee

Order Filed on December 13, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

AESTUS THERAPEUTICS, INC.

Debtor.

Case No.: 15-31603 (CMG)
Judge:    Hon. Christine M. Gravelle
Chapter:  7

**ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S INTELLECTUAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004, SUBJECT TO HIGHER OR BETTER OFFERS**

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby

**ORDERED.**

**DATED: December 13, 2017**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

ACTIVE\49541138.v2-11/7/17

P a g e | **2**
Case No:  15-31603 (CMG)
Case Name:  Aestus Therapeutics, Inc.

**ORDER RE:  AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S
INTELLECTUAL PROPERTY FREE AND CLEAR OF ALL LIENS,  CLAIMS, AND
ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, SUBJECT TO HIGHER OR BETTER OFFERS**

_____

**THIS MATTER**,  having come on before the Court upon the motion ("Sale Motion") of

Catherine E. Youngman, chapter 7 trustee ("Trustee") for Debtor, praying for the entry of an order ( the

"Sale Order") authorizing the Trustee to sell her right, title and interest in and to the Debtor's

intellectual property (the "IP Assets"), free and clear of all liens, claims, interests, and encumbrances

pursuant to a certain IP Asset Purchase Agreement dated September 8, 2017 (the "IP APA") between

the Trustee as "Seller" and Samada, LLC ("Samada") as "Buyer",  a copy of said IP APA is  annexed to

the papers submitted with the Sale Motion as Exhibit 1; and the whole transaction being known as the

"Private Sale"; and the Court having reviewed the Sale Motion, and due notice of the proposed sale

transaction, and the hearing on the Sale Motion having been given to all parties entitled thereto; and the

Trustee having received no other bids or offers by December 5, 2017 in accordance with the deadlines

set forth in the Notice of Motion provided in accordance with the Federal Rules of Bankruptcy

Procedure; and hearing having been held before this Court on December 12, 2017 ( the "Sale Hearing")

to consider approval of the IP APA, at which time all parties interest were afforded an opportunity  to

be heard; and based upon the Court's review of all of the evidence proffered or adduced at, and

objections (if any) filed in connection therewith; and arguments of counsel made at the Sale Hearing;

and upon the entire record of the Sale Hearing and this case and after due deliberation; and good cause

appearing therefore, it is

**HEREBY ORDERED AND FOUND THAT**:

**Jurisdiction, Final Order, Statutory Predicates**

ACTIVE\49541138.v2-11/7/17

P a g e | **3**
Case No:  15-31603 (CMG)
Case Name:  Aestus Therapeutics, Inc.
**ORDER RE:  AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S
INTELLECTUAL PROPERTY FREE AND CLEAR OF ALL LIENS,  CLAIMS, AND
ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, SUBJECT TO HIGHER OR BETTER OFFERS**

_____

1.      This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28

U.S.C. §§ 157 and 1334.

2.      Determination of the Sale Motion is a proper pursuant to 11 U.S.C. §157(b)(1) because

it is within a case under title 11 of the United States Code (the "Bankruptcy Code").  The Statutory

predicated for the relief requested herein are sections 105 & 363 of the Bankruptcy Code and the

Federal Rules of Bankruptcy Procedure 2002 and 6004.

3.      This Sale Order constitutes a final and appealable order within the meaning of 28

U.S..C. §158(a).

**Notice of Private Sale**

4.      As evidenced by the certification of service previously filed with the Court, proper,

timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing,  and Private Sale and the

transactions contemplated thereby have been provided in accordance with section 102(1) of the

Bankruptcy Code and Bankruptcy Rules 2002 and 6004, and no other or further notice of the Sale

Motion, the Sale Hearing, or the entry of this Sale Order is required.

5.      A reasonable opportunity to object or be heard regarding the requested relief in the Sale

Motion has been afforded to all interested persons and entities.

**Fair and Reasonable Price and Sound Business Judgment**

6.      The Trustee has full power and authority to execute the IP APA and all other documents

contemplated thereby.  The Trustee has all the power and authority necessary to consummate the

P a g e | **4**
Case No:  15-31603 (CMG)
Case Name:  Aestus Therapeutics, Inc.
**ORDER RE:  AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S
INTELLECTUAL PROPERTY FREE AND CLEAR OF ALL LIENS,  CLAIMS, AND
ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, SUBJECT TO HIGHER OR BETTER OFFERS**

_____

transactions contemplated by the IP APA and no consents or approvals, other than those expressly

provided for in the IP APA, are required for the Trustee to consummate such transactions.

7.      The IP APA reflects the exercise of the Trustee's sound business judgment and a proper

exercise of the Trustee's fiduciary duties.

8.      Approval at this time of the IP APA, and the transactions contemplated thereby, is in the

best interest of the Trustee, creditors, parties in interest, and the bankruptcy estate.  Good and sufficient

business justification for consummating the sale transaction pursuant to section 363(b) of the

Bankruptcy Code has been established.

9.      The terms and conditions of the IP APA are fair and reasonable.  Buyer's offer was the

highest and best offer.  Accordingly, the IP APA represents the highest and best offer for the IP Assets

and the purchase price payable thereunder is fair and reasonable.

**Good Faith Purchaser**

10.      The Buyer is not an "insider of the Debtor, as that term is defined in section 101(31) of

the Bankruptcy Code.

11.      The Buyer is purchasing the IP Assets in good faith and is a good-faith purchaser within

the meaning of section 363(m) of the Bankruptcy Code.

**Section 363(f) of the Bankruptcy Code is Satisfied**

12.      The transfer of title to the IP Assets pursuant to the  IP APA is or will be legal, valid,

and effective transfer of property of the Debtor's estate to the Buyer, free and clear of all liens, claims,

P a g e | **5**
Case No:  15-31603 (CMG)
Case Name:  Aestus Therapeutics, Inc.
**ORDER RE:  AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S
INTELLECTUAL PROPERTY FREE AND CLEAR OF ALL LIENS,  CLAIMS, AND
ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, SUBJECT TO HIGHER OR BETTER OFFERS**
_____

interests, and encumbrances under section 363(f) of the Bankruptcy Code.

13.      Except as provided in the IP APA, consummation of the sale transaction does not and

will not subject the Buyer to any debts, liabilities, obligations, commitments, contingent or otherwise,

existent as of the date hereof or hereafter arising, of or against the Debtor, any affiliate of the Debtor, or

any person by reason of such transfers and assignments under the laws of the United States, or any state

applicable to such transactions.

14.      All of the provisions of the Sale Order and the IP APA are non-severable and mutually

dependent.

15.      The relief requested in the Sale Motion, including approval of the IP APA and the

Private Sale is in the best interest of the Trustee, creditors, and the bankruptcy estate.

16.      The transfer of the IP Assets free and clear of liens, claims, interests, and encumbrances

as provided for in this Sale Order is appropriate under the circumstances because the holders of such

liens, claims interests, and encumbrances will be paid in full and/or have consented to such transfer and

because all such liens, claims and interests shall attach to the net proceeds of the sale transaction in the

order of their priority, with the same validity, force, and effect as they now have as against the IP

Assets.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED
THAT:**

**General Provisions**

P a g e | **6**
Case No:  15-31603 (CMG)
Case Name:  Aestus Therapeutics, Inc.
**ORDER RE:  AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S
INTELLECTUAL PROPERTY FREE AND CLEAR OF ALL LIENS,  CLAIMS, AND
ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, SUBJECT TO HIGHER OR BETTER OFFERS**
_____

1.      The relief requested in the Sale Motion is granted and approved to the extent indicated

below and the Private Sale contemplated thereby is approved as set forth in this Sale Order.

2.      The Private Sale by and between the Trustee as Seller and Samada as Buyer, for

$160,000.00 (the "Purchase Price"), be and is hereby approved.

**Approval of Private Sale**

3.      The terms and conditions and transactions contemplated by the IP APA are hereby

approved in all respects, and the IP APA and the Private Sale are hereby approved in all respects under

section 363(b) of the Bankruptcy Code.

4.      Pursuant to  section 363(b) of the Bankruptcy Code, the Trustee is hereby authorized,

directed and empowered to fully assume, perform under, consummate, and implement the IP APA,

together with all additional instruments and documents that may be reasonably necessary or desirable to

implement the IP APA and the transactions contemplated thereby, including any agreements to be

executed after the closing in furtherance of the IP APA, and to take all further actions as may

reasonably be requested for the purpose of assigning, transferring, granting, conveying and conferring

to the Buyer the IP Assets, or as may be necessary or appropriate to the performance of the Trustee's

obligations as contemplated by the IP APA.

5.      This Sale Order shall be binding on Buyer and all successors and assigns of the Buyer,

the Debtor, its estate, all creditors of and holders of equity interests in the Debtor, and any holders of

liens against or on all or any portion of the IP Assets.  This Sale Order shall inure to the benefit of the

ACTIVE\49541138.v2-11/7/17

P a g e | **7**
Case No:  15-31603 (CMG)
Case Name:  Aestus Therapeutics, Inc.
**ORDER RE:  AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S
INTELLECTUAL PROPERTY FREE AND CLEAR OF ALL LIENS,  CLAIMS, AND
ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, SUBJECT TO HIGHER OR BETTER OFFERS**

_____

Debtor, its estate, its creditors, the Buyer, and their respective successors and assigns.

## **Transfer of the IP Assets**

6.      The transfer of the IP Assets shall constitute a legal, valid, binding, and effective transfer of property and, upon the Trustee's receipt of the Purchase Price, shall be free and clear of all liens, claims, and encumbrances.  All liens, claims, and encumbrances on and against the IP Assets shall attach to the proceeds with the same priority prior to the Closing.  Upon the Closing, the Buyer shall take title to and possession of the IP Assets.  Pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the IP Assets shall be free and clear of liens, and all interests, liabilities, obligations, or claims, including all "claims" within the meaning of section 101(5) of the Bankruptcy Code.

7.      All persons and entities holding liens or interests in the IP Assets arising under or out of, in connection with, or in any way relating to the Debtor, the IP Assets, or the transfer of the IP Assets to the Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting against the Buyer or its successors or assigns, their property, or the IP Assets, such persons' or entities' liens or interests in the IP Assets.

8.      Notwithstanding any provision in the IP APA to the contrary, after the Closing of the Private Sale, the Debtor and the Trustee shall have no further liability with respect to the IP Assets, and any claim, whether administrative or otherwise, relating to or arising from the IP Assets after the Closing shall be deemed disallowed.

ACTIVE\49541138.v2-11/7/17

P a g e | **8**
Case No: 15-31603 (CMG)
Case Name: Aestus Therapeutics, Inc.
**ORDER RE: AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S
INTELLECTUAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND
ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, SUBJECT TO HIGHER OR BETTER OFFERS**

_____

9.      A certified copy of this Sale Order may be filed with the appropriate clerk and/or

recorded with the appropriate recorder to act to cancel any of the liens and other encumbrances of

record.

10.      If any person or entity that has filed statements or other documents or agreements

evidencing liens on, or interests in, the IP Assets shall not have delivered to the Trustee prior to the

Closing in proper form for filing and executed by the appropriate parties, termination statements,

instruments of satisfaction, releases of liens, and any other documents necessary for the purpose

documenting the release of liens or interests which the person or entity has or may assert with respect to

the IP Assets, the Trustee is hereby authorized and directed to execute and file such statements,

releases, and other documents on behalf of such person or entity with respect to the IP Assets.

11.      To the extent allowed by applicable law, the Buyer is not assuming nor shall it in any

way whatsoever, be liable or responsible, as successor or otherwise, for any liabilities, debts or

obligations of the Debtor relating to or arising from the IP Assets.

12.      This Sale Order is and shall be binding upon and govern the acts of all persons and

entities, including, without limitation, all filing agents, filing officers, administrative agencies,

governmental departments, secretaries of state, federal and local officials, and all other persons and

entities who may be required by operation of law, the duties of their office, or contract, to accept, file,

register, or otherwise record or release any documents or instruments, or who may be required to report

or insure any title or state of title in or to any lease or license; and each of the foregoing persons and

P a g e | **9**
Case No:  15-31603 (CMG)
Case Name:  Aestus Therapeutics, Inc.
**ORDER RE:  AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S
INTELLECTUAL PROPERTY FREE AND CLEAR OF ALL LIENS,  CLAIMS, AND
ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, SUBJECT TO HIGHER OR BETTER OFFERS**
_____

entities is hereby directed to accept for filing any and all of the documents and instruments necessary

and appropriate to consummate the transactions contemplated by the IP APA.

13.    No person or entity, including without limitation, any federal, state, or legal

governmental agency, department or instrumentality, shall assert by suit or otherwise against the Buyer

or its successor in interest, any claim that they had, have or may have against the Debtor or any liability,

debt or obligation relating to or arising from the IP Assets, before the consummation of the transactions

contemplated by the Agreement, and all persons and entities are hereby enjoined from asserting against

the Buyer in any way such claims, liabilities, debts or obligations.

14.    Pursuant to section 1146(a) of the Bankruptcy Code, the transfer of the IP Assets is

exempt from any state or local transfer tax or similar tax.

15.    No bulk sale or any similar law of any state, including but not limited to N.J.S.A.

54:32B-22(c) and N.J.S.A. 54:50-38, apply in any way to the sale and transfer of the IP Assets

hereunder.

## Other Provisions

16.    The Buyer is entitled to the protections afforded by section 363(m) of the Bankruptcy

Code.

17.    The failure to specifically include any particular provision of the IP APA in this Sale

Order shall not diminish or impair the effectiveness of such provision.

18.    The IP APA and any related agreements, documents, or other instruments may be

ACTIVE\49541138.v2-11/7/17

P a g e | **10**
Case No:  15-31603 (CMG)
Case Name:  Aestus Therapeutics, Inc.
**ORDER RE:  AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S
INTELLECTUAL PROPERTY FREE AND CLEAR OF ALL LIENS,  CLAIMS, AND
ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, SUBJECT TO HIGHER OR BETTER OFFERS**

_____

modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof,

without further order of the Court, provided that any such modification, amendment, or supplement

does not have a materially adverse effect on the Debtor's estate or the rights of any party holding a lien,

claim, or encumbrance on or against the IP Assets.

19.      In the event that the Private Sale does not close due to the Buyer's failure to perform,

then and in that event, the Trustee may move before this Court, on shortened and limited notice, to seek

approval of a backup offer in a lower amount than the IP APA approved by this Court by this Order.

20.      No provisions of this Sale Order shall release or be construed to release Buyer from any

of its obligations under the Agreement.

21.      This Court shall retain exclusive jurisdiction to, among other things, (a) enforce and

implement the terms and conditions of the IP APA, all amendments thereto, any waivers and consents

thereunder, and any agreements executed in connection therewith, and any disputes arising or relating

to the executory contracts or leases; (b) compel delivery of the IP Assets to the Buyer; (c) compel

delivery of the Purchase Price and all adjustments to the Purchase Price under the IP APA; (d)  resolve

any disputes, controversies or claims arising out of or relating to the IP APA; and (e) interpret,

implement, and enforce the provisions of this Sale Order.